IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JOSEPH J. CAMPBELL, | ) | |
|         Petitioner, | ) | No. 2:04-CR-01046-DCN-7 |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **ORDER** |
| | ) | |
|         Respondent. | ) | |
| _____ | ) | |

This matter is before the court on petitioner's amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, respondent's renewed motion to dismiss, or in the alternative, motion for summary judgment, and petitioner's motion to appoint counsel. For the reasons set forth below, this court denies petitioner's § 2255 motion, grants respondent's motion for summary judgment, and finds as moot petitioner's motion to appoint counsel.

### I.  BACKGROUND

On June 14, 2005, an eighty-eight count Second Superseding Indictment was filed against Joseph Campbell and seventeen other defendants. ECF No. 322. On June 30, 2005, the government filed an information pursuant to the requirements of 21 U.S.C. § 851, notifying Campbell that he was subject to increased penalties based on prior state court convictions. Campbell's attorney filed a written response arguing that the first conviction in the information did not belong to Campbell and that the remaining two convictions, while factually correct, should be counted as one conviction. ECF No. 493, 494. On August 19, 2005, the government filed an amended information, including the factual background for the second and third

1

conviction and omitting the first conviction. ECF Nos. 510, 500. On September 6, 2005, a jury found Campbell guilty of participating in a drug trafficking conspiracy involving fifty grams or more of crack cocaine and/or five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and using a telephone to facilitate the conspiracy, in violation of 21 U.S.C. § 843(b).

On January 13, 2006, Campbell's attorney filed an amended response to the amended § 851 information, again arguing that the two prior convictions while factually correct, should be considered as one. ECF No. 614. The government responded on January 18, 2006. ECF No. 622. The court held a hearing on the § 851 issue prior to sentencing and found that the convictions should be treated separately. ECF No. 747. Campbell was sentenced on February 14, 2006 to the mandatory minimum of life in prison under 21 U.S.C. § 841(b)(1)(a) and § 846. The Fourth Circuit upheld this decision on June 4, 2007. United States v. Campbell, 237 Fed.Appx. 787 (4th Cir. 2007).

## II. STANDARD OF REVIEW

A. *Pro Se Litigants*

Petitioner is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). Courts classify pro se pleadings from prisoners according to their contents, without regard to their captions. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). A district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the

development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

  B. *Summary Judgment*

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

A prisoner in custody under sentence of a court established by
Act of Congress claiming the right to be released upon the
ground that the sentence was imposed in violation of the
Constitution or laws of the United States . . . may move the
court which imposed the sentence to vacate, set aside or correct
the sentence.

Campbell bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010).[1] When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Evidence should

---

[1] 2010 Amendments state that: "The amendments will not affect continuing development of the decisional law construing and applying these phrases." Thus, this court will apply the cases determining the meaning of these phrases prior to the 2010 amendment.

3

be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). A mere "scintilla" of evidence will not preclude summary judgment, however. <u>Id.</u> at 262.

### III.   DISCUSSION

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." The right to counsel guaranteed by the Sixth Amendment includes the right to the effective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984) (citing <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970)). In <u>Strickland</u>, the Supreme Court decided that counsel was ineffective if: (1) his efforts were objectively unreasonable as measured against prevailing professional norms and (2) counsel's errors were prejudicial. <u>Id.</u> at 688-94. The court may consider either prong first and need not consider the other prong if the first is insufficiently established. <u>Id.</u> at 697. Prejudice exists if there is a reasonable probability that, but for counsel's deficient performance, the proceeding would have had a different result. <u>Id.</u> at 694.

Petitioner argues that his federal defense counsel was ineffective because he failed to: (1) object to the court's failure to follow the proper colloquy under § 851(b), (2) object to or file a written response regarding the use of prior convictions which were obtained without effective assistance of counsel and/or the right to counsel, and (3) file a motion to dismiss the indictment for a violation of the Speedy Trial Act. Petitioner also attempts to collaterally attack his prior state court

convictions which were used to enhance his sentence alleging complete deprivation of his right to counsel in state court.

   *A. Failure to Object to the Court's Failure to Follow the Proper Colloquy*

Section 851(b) requires that the court

> …after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Prior to trial, the government filed a § 851 information, informing Campbell that if he went to trial, his prior convictions could increase his sentence to life in prison. EFC. No. 500. Campbell's defense attorney filed a written response objecting to the § 851 information. ECF No. 493, 494.

At a pre-trial conference on August 17, 2006, with Campbell present, the court noted, "…based on the prior convictions from Joseph Campbell and Kevin Palmer, if they were to be convicted, they would get a mandatory life sentence." ECF No. 761 at 21. The government responded, "They have been put on notice of that, yes, through the 851 information." The court also addressed this to Campbell and his attorney, "if he's got two priors and he gets convicted of the conspiracy in this case, is it still not mandatory life sentence?" Id. at 30. Campbell's attorney responded "That's what I thought it was, even though he pled on the same day." After discussing the issue of whether the two prior convictions should be counted as one, the court stated, "I mean, I don't know, but if, in fact, they are both prior convictions, and if, in fact, they are both 851 enhancements, it's my understanding that there is –

5

that Congress has said that there is a mandatory minimum of life that nobody can do anything about.  And life means life, which means he never gets out of jail."  Id. at 31.  Campbell's attorney agreed, "That's my understanding, too."

In the § 851 hearing prior to sentencing, Campbell's attorney argued that the two prior convictions should be considered as one for the purposes of the § 851 enhancement.  ECF No. 747.  The court stated, "There were two prior convictions, which Mr. Campbell was sentenced on the same day for two crimes which he committed three months apart."  Id. at 5.  Campbell's attorney replied, "And I will concede that, but I don't concede anything that has to do with the facts with regard to those convictions."  The court sought clarification, "You don't contest that he was convicted in Dorchester County for two separate incidents which occurred three months apart.  He was – plead guilty and was sentenced by the Judge on both of them for a suspended 5- year sentence, right?"  Id. at 6.  Campbell's attorney responded, "That's correct, Your Honor.  But I guess what I'm trying to make a narrow distinction of is that I can concede that he –those crimes involving cocaine, but I don't concede that they are crimes that would cause his – his sentence to be enhanced."  The court made sure that the factual basis necessary for the § 851 enhancement was present by asking, "you concede the fact that the two prior convictions occurred, the factual basis for the conviction is three months apart, and even though they were three months apart, he was sentenced on the same day to the same sentence on each one of those convictions?"  Id. at 7.  Campbell's attorney: "Yeah, I guess that's true."  This exchange demonstrates Campbell, through his

attorney, affirmed that he had been previously convicted as stated in the § 851 information, as required by the statute.

Campbell was obviously aware and listening to the exchange, demonstrated by his counsel's statement, "My client had asked me just to mention to the Court a couple of things he wanted to mention, and I feel obligated to do that. And those issues are: That with regard to the Indictment, he had never –never seen any signed copy by the Foreman. With regard to the arrest warrant. . . . That it was not signed by Judge Kosko, but by a Deputy Clerk in violation of Criminal Rule of Procedure, Rule 3. And then with regard to the Grand Jury minutes. That there was a question presented to Mr. Bickerton that was not answered with regard to whether the Defendants were in custody or not. And that would be it, Your Honor." Id. at 25-26. Campbell did not dispute the fact that he had two state convictions at the § 851 hearing.

Furthermore, Campbell addressed the court himself, "I want to apologize to the Court, and I don't mean disrespect to you or Mr. Bickerton, and I apologize for everything, you know, putting the court through." Id. at 28. The court responded, "Okay. Kind of wish you had that revelation prior to trial, because, God knows, Mr. Campbell, that you were warned. I sat here and told you prior to trial that if you were convicted it was mandatory life sentence."

The court did not address Campbell personally concerning whether he affirmed the prior convictions or that challenges that were not made would be waived. It is clear, however, Campbell's lawyer's statements of the facts regarding the two convictions demonstrated that Campbell did not dispute the two convictions as

7

reported in the amended § 851, nor did Campbell ever claim that the two convictions were erroneous at the hearing, though he made other objections to the court through his lawyer and addressed the court himself.  Since the court substantively complied with the requirements of § 851, it was not objectively unreasonable that the attorney did not object to the court's failure to use the specific words outlined in the statute. Campbell's attorney consistently objected to the effect of the two prior convictions; therefore he acted reasonably.  He cannot be faulted for addressing the forest, instead of pointing out the trees.

Furthermore, Campbell has failed to show prejudice.  The court asked whether everyone had plenty of time to read the presentence report and addendum and inquired numerous times regarding any additional objections.  ECF No. 747. Campbell was well aware that he could be subject to life in prison based on the § 851 enhancement.  ECF No. 500; 761 at 21, 30-31; 767; 747.  Objections were made on the record, and defense counsel outlined the factual scenario on which the convictions were based.  ECF No. 747.  As a result, Campbell cannot show prejudice.  See United States v. Cave, 203 Fed. Appx. 536, 539 (4th Cir. 2006) (finding that prejudice could not be established for ineffective assistance of counsel in similar circumstances when the district court failed to inquire of the defendant whether he committed the crimes or advise him of the waiver).

   B. *Failure to Object to Use of Prior Convictions in the § 851 Information Based on Prior Lack of Counsel or  Ineffective Assistance of Counsel*

Campbell claims that his attorney should have objected to the § 851 information on the grounds that his state court defense counsel had been ineffective.

8

Campbell has not alleged that he told his attorney that his prior convictions were obtained without assistance or effective assistance of counsel. Campbell's attorney was obviously communicating with Campbell and discussing any concerns Campbell might have had because his attorney recited Campbell's numerous concerns for the record. Campbell's attorney was not objectively unreasonable in failing to object to grounds his client withheld from him.

### C. *Failure to File a Motion to Dismiss for Violation of the Speedy Trial Act*

Petitioner alleges that his counsel was ineffective because he failed to object to a violation of the Speedy Trial Act, which states,

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). This court finds that Campbell has failed to show that his counsel's failure to object was prejudicial, nor can he do so, because the Speedy Trial Act was not violated. The speedy trial clock was tolled by motions filed by Campbell, continuances in the interest of justice, and by a superseding indictment which joined additional defendants. Seventy non-excludable days did not elapse between Campbell's first appearance and the superseding indictment which added additional defendants, nor did seventy non-excludable days elapse between the start of the "single controlling clock" and Campbell's trial. See United States v. Walker, 1997 WL 358770, at *3 (4th Cir. June 30, 1997). Because an objection to a violation

of the Speedy Trial Act would have been futile, Campbell's counsel was not ineffective for failing to make such an objection.

### D. Collateral Attack on Prior State Court Convictions

Petitioner notes in his § 2255 motion that he also "collaterally attacks" his state court convictions because the convictions were allegedly in violation of his right to counsel. Petitioner does not claim that his state court convictions have been vacated. Section 851 sets out the procedure by which a defendant may collaterally attack the use of prior convictions included in the § 851 information. "If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. . . . The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment." 21 U.S.C. § 851(c)(1). These procedures were followed in petitioner's case. Campbell's attorney filed a written response attacking the effect of the two prior convictions, but at no time did he allege or argue that these convictions were invalid.

Section 851(c)(2) further instructs, "Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." "The provision is essentially meaningless unless it forecloses a post-sentencing challenge to a prior conviction as a way of eliminating the enhancement." United States v. Roberson, 684 F.Supp. 179, 186 (D. Mass. 2010). While collateral challenges to prior state court convictions under § 851 are available to a federal defendant prior to sentencing, the defendant waives any objection to the §

851 information he fails to make, unless he can show "good cause" for the failure to make a timely challenge. § 851(c)(2). This applies to "*any* challenge;" there is no exception for the deprivation of the right to counsel. Campbell does not allege he told his attorney about any alleged deprivation of counsel in state court, nor does he allege any "good cause" for the delay. Because Campbell has failed to allege "good cause" for the delay, the objection is treated as waived.

Custis v. United States, 511 U.S. 485 (1994) and Daniels v. United States, 532 U.S. 374 (2001) do not provide petitioner with another method for attacking the enhancement of his federal sentence. Both decisions are based on sentences increased under the Armed Career Criminal Act ("ACCA"), whereas this case is based on an enhancement under § 851. Custis specifically distinguishes cases enhanced under the ACCA from cases enhanced under § 851, because § 851 "sets forth specific procedures allowing a defendant to challenge the validity of a prior conviction used to enhance the sentence for a federal drug offense," while the ACCA does not. 511 U.S. at 491. The Supreme Court quoted § 851(c)(2), included above, and stated, "The language of § 851(c) shows that when Congress intended to authorize collateral attacks on prior convictions at the time of sentencing, it knew how to do so." Id.

Based on the reasoning in Custis, Daniels forbids prisoners whose sentences have been enhanced under the ACCA from collaterally attacking prior convictions unless the prisoner alleges that he was deprived of the right to counsel at the prior conviction. 532 U.S. at 382. Daniels spoke in the absence of a statutory means to collaterally attack a prior conviction, whereas Campbell had and may have means to

11

attack his prior conviction; however, he must follow the congressionally established procedure. Campbell has failed to allege "good cause" for his delay, and thus, has failed to overcome the presumption of waiver.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, the government's motion for summary judgment is **GRANTED**, and petitioner's motion for counsel is **MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**March 30, 2011**
**Charleston, South Carolina**